[706 NYS2d 729]

In the Matter of PHILLIP L. BILLET (Admitted as PHILLIP LAW-RENCE BILLET), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 24, 2000

#### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn (*Melissa D. Epstein* of counsel), for petitioner.

*Jerome Karp, P. C.,* Brooklyn, for respondent.

#### OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing three

charges of professional misconduct. In his answer, the respondent admitted almost all of the factual allegations contained in the petition, but denied that he was guilty of any professional misconduct. After a hearing, the Special Referee sustained all three charges. The Grievance Committee now moves to confirm the report of the Special Referee. The respondent does not oppose the Grievance Committee's motion, but argues that the sanction imposed should be limited to a public censure.

Charge One alleged that the respondent failed to properly safeguard funds entrusted to him as a fiduciary, and improperly converted those funds to his own use in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]), DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]) and DR 9-102 (B) (22 NYCRR 1200.46 [b]).

The respondent maintained an attorney escrow account at Citibank. In 1996, he represented an entity known as 173 Avenue A Associates (hereinafter Avenue A) in a matter in which the court ruled that Avenue A was obligated to refund a rent overcharge in an amount in excess of $80,000, plus interest, to one of its tenants. In December 1996, the matter was settled by a stipulation in which Avenue A agreed to pay the tenant $62,500. On December 27, 1996, the respondent received from Avenue A a check in the amount of $62,500 payable to the respondent "as attorney." He immediately deposited the check into his attorney escrow account.

The respondent was required to maintain $62,500 in his escrow account until that sum was paid to the tenant pursuant to the terms of the settlement agreement. On December 30, 1996, the respondent drew three checks totaling $150 from his escrow account, payable to himself. On that day, the balance in the account was less than $62,500. On April 7, 1997, the respondent deposited $150 of his own funds into his attorney escrow account and, pursuant to the stipulation, drew a check from that account payable to the tenant's attorney in the amount of $62,500.

Charge Two alleged that the respondent commingled funds entrusted to him as a fiduciary with his own funds, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]) and DR 9-102 (a) (22 NYCRR 1200.46 [a]). In 1997, the respondent engaged in a practice of failing to withdraw earned legal fees from his attorney escrow account at a time when client funds were on deposit in that account.

Charge Three alleged that the respondent failed to maintain required records for his attorney escrow account, into which he

deposited funds entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]) and DR 9-102 (d) (1) and (2) (22 NYCRR 1200.46 [d] [1], [2]). The respondent failed to maintain a ledger book or similar record for the aforementioned account showing the source of all funds deposited therein, the names of all persons for whom funds were held, the amount of such funds, the charges or withdrawals therefrom, and the names of all persons to whom such funds were disbursed.

Based on the respondent's admissions and the evidence adduced at the hearing, the Special Referee properly sustained all three charges.

In determining the appropriate measure of discipline to impose, the respondent asks the Court to consider the stress he was under at the time due to his grandmother's death and his wife's pregnancy, his lack of venal intent, the lack of harm to his client or anyone else, his previously unblemished record, his cooperation with the Grievance Committee, his expressed remorse, and the seven character letters submitted on his behalf. The respondent contends that the sanction imposed should be limited to a public censure.

As the respondent correctly noted, he has no prior disciplinary history.

Under the totality of the circumstances, the respondent is censured for his professional misconduct.

MANGANO, P. J., BRACKEN, O'BRIEN, RITTER and S. MILLER, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Phillip L. Billet, is censured for his professional misconduct.